CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA., FILED

DEC 21 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| SILAS R. THARP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:09cv00036 |
| v. | ) | |
| | ) | |
| WILCOHESS, LLC, | ) | By: Hon. Michael F. Urbanski |
| | ) | United States Magistrate Judge |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to 28 U.S.C. §§ 636(b)(1) and (3) for report and recommendation on Plaintiff's Motion for Voluntary Non-Suit or Dismissal of Pending Action (Docket #12). The issues have been briefed and were argued at a hearing held on December 14, 2009. For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's motion be **GRANTED** with certain conditions.

### I.

Plaintiff Silas R. Tharp ("Tharp") brings this premises liability action against Defendant WilcoHess, LLC ("WilcoHess") for injuries he allegedly sustained when he slipped on fuel that was on the pavement outside of one of Defendant's stores. Tharp originally filed his complaint in the Circuit Court for the City of Amherst on May 21, 2009, seeking $500,000 in damages. On June 16, 2009, WilcoHess removed this case pursuant to 28 U.S.C. § 1441. Thereafter, the court entered a Scheduling Order setting forth discovery deadlines. Plaintiff's counsel was substituted by Order dated October 6, 2009 and the following day, WilcoHess served written discovery on Tharp. On October 29, 2009, before discovery responses were due, Tharp filed a Motion for Voluntary Non-Suit or Dismissal of Pending Action (Docket #12). The court granted Plaintiff's

motion by Order dated November 2, 2009. Defendant immediately moved for reconsideration of the voluntary dismissal. On November 17, 2009, the court granted Defendant's motion, vacated its November 2, 2009 Order, and referred Plaintiff's Motion for Voluntary Non-Suit or Dismissal of Pending Action to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1) and (3) for a recommended disposition.

## II.

Tharp moves to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). WilcoHess opposes the motion, arguing it has been prejudiced in its ability to defend itself due to Plaintiff's inaction in this case. WilcoHess asserts that an unencumbered dismissal would result in further prejudice, as a Scheduling Order has been entered and discovery has been served but not answered. Defendant claims that Tharp's clear intention is to refile the action in state court where WilcoHess is less likely to succeed on a dispositive motion, and it asks that the court place certain terms and conditions on any refiling or reinstitution of the state court action. Indeed, Plaintiff's counsel represents that shortly after the court dismissed the federal case, Plaintiff reinstituted his case in a Virginia Circuit Court, seeking damages of $70,000, just below the amount required for federal diversity jurisdiction.

Rule 41(a)(2) allows a plaintiff to voluntarily dismiss his action at any time with court approval "on terms that the court considers proper." The decision to grant a dismissal pursuant to Rule 41(a)(2) is a matter within the court's discretion. Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). At the same time, however, dismissal is favored and should be granted "absent plain legal prejudice to the defendant." Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384 (4th Cir. 2001) (citing Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986)), cert. denied, 537 U.S. 818 (2002); accord RMD Concessions, LLC v. Westfield Corp.,

Inc., 194 F.R.D. 241, 242-43 (E.D. Va. 2000); see also Davis, 819 F.2d 1270. In deciding a motion for voluntary dismissal, courts should consider factors such as "'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as the present stage of litigation." Howard v. Inova Health Care Serv., 302 Fed. App'x 166, 178-79 (4th Cir. 2008) (quoting Miller v. Terramite Corp., 114 Fed. App'x 536, 540 (4th Cir. 2004)), cert. denied, 129 S.Ct. 2766 (2009), reh'g denied, 130 S.Ct. 34 (2009).

As the Fourth Circuit has held, "the mere prospect of the transfer of litigation to state court [is] an insufficient basis for denying the motion for voluntary dismissal." Davis, 819 F.2d at 1275; accord Snyder v. Bannan, No. 5:09cv46, 2009 WL 2877158 (N.D. W.Va. Sept. 1, 2009). The fact "that a plaintiff prefers the state courts ought not to prevent his discontinuing his suit; one court is as good as another." Davis, 875 F.2d at 1275 (quoting Young v. S. Pac. Co., 25 F.2d 630, 632 (2d Cir. 1928)).

Courts may impose conditions on a voluntary dismissal "to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." RMD Concessions, LLC, 194 F.R.D. at 243 (quoting Davis, 819 F.2d at 1273); see also Fed. R. Civ. P. 41(a)(2). "For example, the court can: (a) condition dismissal on the plaintiff's payment of costs; (b) impose a condition restricting the forum in which the plaintiff may refile the claim; (c) require the plaintiff to (or not to) use existing discovery in any refiled action; and (d) require the plaintiff to produce additional discovery." Samsung Elec. Co., Ltd. v. Rambus, Inc., 440 F. Supp. 2d 495, 509 (E.D. Va. 2006) (citing 8 Moore's Federal Practice § 41.40(10)).

On balance, the undersigned finds voluntary dismissal to be appropriate in this case. Plaintiff was not dilatory in filing his motion. Rather, he moved for voluntary dismissal soon

after his current counsel was substituted in this action. Although a Scheduling Order has been entered, the parties have not exchanged initial disclosures or scheduled a trial date. Minimal discovery has been conducted, and the deadline for Tharp to respond to the written discovery propounded by WilcoHess had not passed when the motion for voluntary dismissal was filed. Contrary to Defendant's assertions, the undersigned does not find that WilcoHess will suffer prejudice by re-serving discovery on Plaintiff in the state court action. Moreover, any prejudice caused by the delay in having to litigate in federal court can be alleviated by the imposition of certain conditions. See RMD Concessions, LLC, 194 F.R.D. at 243 (finding district courts should only impose conditions that actually alleviate harm to defendants).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Voluntary Non-Suit or Dismissal of Pending Action (Docket #12) be **GRANTED**, subject to the following conditions: (1) any amendment to Plaintiff's state court complaint increasing his ad damnum clause to $75,000 or more must be made before May 20, 2010,[1] absent substantially changed circumstances in terms of Plaintiff's medical condition; and (2) Plaintiff shall pay Defendant's attorney's fees incurred in the federal court action from the date the case was docketed in federal court, June 16, 2009, through the date the final Order dismissing this matter from federal court is entered.

---

[1] A defendant may file a notice of removal within thirty days after receipt of an amended pleading, motion or order from which it may be ascertained that the case has become removable. 28 U.S.C. § 1446(b). However, a case may not be removed based on diversity jurisdiction conferred by 28 U.S.C. § 1332 more than one year after commencement of the action. Id. Plaintiff originally filed his state court claim on May 21, 2009. Therefore, to the extent Plaintiff has reinstituted, rather than refiled, this claim pursuant to Virginia Code § 8.01-380, any motion to amend his complaint to increase the ad damnum clause over the federal jurisdictional limit must be made before May 20, 2010.

4

## III.

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send a certified copy of this Report and Recommendation to all counsel of record.

Enter this 21st day of December, 2009.

Michael F. Urbanski
United States Magistrate Judge