CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JAN 0 8 2010

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| SILAS R. THARP,<br>    PLAINTIFF, | Civil Action No. 6:09-CV-00036 |
| v. | **O R D E R** |
| WILCOHESS,<br>    DEFENDANT. | JUDGE NORMAN K. MOON |

This action was filed in state court on May 21, 2009, and was removed to this court by defendant on June 16, 2009. On November 2, 2009, I issued an order granting plaintiff's motion to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(2). Thereafter, defendant moved for reconsideration (docket no. 14) of the voluntary dismissal. In its motion for voluntary dismissal, plaintiff had stated, "No discovery has been conducted." In its motion for reconsideration, defendant stated that, because of "plaintiff's inaction," defendant had "experienced delay in its ability to defend itself in this case. . . ." Defendant also stated that plaintiff had "failed to respond to written discovery propounded upon him," and that the deadlines set forth in this court's scheduling order had passed before plaintiff moved to voluntarily dismiss.

Superficially, plaintiff's motion for voluntary dismissal complied with the requirements of Rule 41(a)(2); however, upon further scrutiny of the issue of prejudice to defendant, I found potential merit in defendant's objection to an unconditional dismissal without prejudice. Accordingly, I granted the motion for reconsideration (docket no. 14); vacated my order (docket no. 13) of November 2, 2009, granting the motion to dismiss; and referred the motion for voluntary dismissal (docket no. 12) to United States Magistrate Judge Michael F. Urbanski, pursuant to 28 U.S.C. §§

636(b)(1) and (3), directing Judge Urbanski to conduct such proceedings as would enable him to submit to this court proposed findings of fact, conclusions of law, and a recommended disposition of the motion for voluntary dismissal (docket no. 12). The issues were briefed and, on December 14, 2009, Judge Urbanski conducted a hearing. On December 21, 2009, Judge Urbanski issued his report, recommending that plaintiff's motion for voluntary dismissal be granted, with certain conditions. Upon review of the record, and no objections having been filed within fourteen days of the entry of Judge Urbanski's report, *see* Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), I hereby adopt the Report in its entirety.

Accordingly, plaintiff's Motion for Voluntary Non-Suit or Dismissal of Pending Action (docket no. 12) is GRANTED, subject to the following conditions: (1) any amendment to plaintiff's state court complaint increasing his *ad damnum* clause to $75,000 or more must be made before May 20, 2010,* absent substantially changed circumstances in terms of plaintiff's medical condition; and (2) plaintiff shall pay defendant's attorney's fees incurred in the federal court action from the date the case was docketed in federal court, June 16, 2009, through the date of entry of the instant final order dismissing this matter. This action is hereby dismissed, and the Clerk of the Court is directed to strike this action from the active docket of the court.

The Clerk of the Court is further directed to send a certified copy of this Order to all counsel of record and to United States Magistrate Judge Michael F. Urbanski.

---

* A defendant may file a notice of removal within thirty days after receipt of an amended pleading, motion or order from which it may be ascertained that the case has become removable. 28 U.S.C. § 1446(b). However, a case may not be removed based on diversity jurisdiction conferred by 28 U.S.C. § 1332 more than one year after commencement of the action. Id. Plaintiff originally filed his state court claim on May 21, 2009. Therefore, to the extent Plaintiff has reinstituted, rather than refiled, this claim pursuant to Virginia Code § 8.01-380, any motion to amend his complaint to increase the *ad damnum* clause over the federal jurisdictional limit must be made before May 20, 2010.

It is so ORDERED.

Entered this \_\_8th\_\_ day of January, 2010.

                                            NORMAN K. MOON
                                            UNITED STATES DISTRICT JUDGE